UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

OLICE EDWARD BROWN,            §
TDCJ No. 02111877,             §
                               §
    Petitioner,                §
                               §
v.                             §    Civil No. SA-18-CA-0948-XR
                               §
LORIE DAVIS, Director,         §
Texas Department of Criminal Justice, §
Correctional Institutions Division,  §
                               §
    Respondent.                §

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Olice Edward Brown's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), Petitioner's Memorandum in Support (ECF No. 5), Respondent's Answer (ECF No. 14), and Petitioner's Reply (ECF No. 18). Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

### I. Background

In March 2015, Petitioner was indicted in Bexar County, Texas, on two counts of capital murder alleged to have occurred on December 12, 2014. (ECF No. 15-16 at 11). Pursuant to a plea bargain agreement, Petitioner pled no contest to two counts of murder and was sentenced to sixty years of imprisonment in each case, with the sentences to run concurrently. *State v. Brown*, Nos. 2015-CR-3457 and 2016-CR-9349-W (379th Dist. Ct., Bexar Cty., Tex. Jan. 11, 2017); (ECF No. 15-24 at 12; No. 15-42 at 11). Because he waived the right to appeal as part of the

plea bargain agreement, Petitioner did not appeal his convictions and sentences. (ECF No. 15-34 at 6).

Instead, Petitioner challenged his convictions by filing two state habeas corpus applications which were eventually denied on the merits by the Texas Court of Criminal Appeals (TCCA) without written order on September 5, 2018. *Ex parte Brown*, Nos. 88,881-01, -02 (Tex. Crim. App.); (ECF Nos. 15-10, 15-27). Five days later, Petitioner placed the instant federal habeas petition in the prison mail system. (ECF No. 1 at 10). In the petition, Petitioner raises the same allegation that was rejected by the TCCA during his state habeas proceedings—namely, that his trial counsel rendered ineffective assistance by failing to investigate and present witness statements at the plea bargaining and sentencing proceedings that would have had a mitigating effect on both.

## II. **Standard of Review**

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

2

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III. <u>Merits Analysis</u>

As discussed previously, Petitioner alleges he received ineffective assistance from his trial counsel due to counsel's failure to investigate and present mitigating evidence on his behalf at his plea bargain and sentencing proceedings. Specifically, Petitioner faults counsel for not uncovering statements from two witnesses who overheard a physical altercation between Petitioner and one of the victims prior to Petitioner shooting the victims in what he claims was self-defense. Because he voluntarily pleaded guilty to the convictions he is now challenging

3

under § 2254, however, Petitioner waived the right to challenge all non-jurisdictional defects in his proceedings. Moreover, this allegation was rejected by the state court during Petitioner's state habeas proceedings. Because the state court's rejection of the claim was neither contrary to, nor an unreasonable application of, Supreme Court precedent, federal habeas relief is denied.

It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005); *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *United States v. Juarez*, 672 F.3d 381, 385 (5th Cir. 2012).

The record in this case indicates Petitioner's pleas were a voluntary and intelligent choice and were not a result of any misrepresentation. To start, the voluntariness of Petitioner's plea is demonstrated by his signature on the "Court's Admonishment and Defendant's Waivers and Affidavit of Admonitions" and accompanying "Plea Bargain." (ECF No. 15-16 at 7-10). These documents demonstrate Petitioner was admonished as to the maximum punishment range for the first degree offense of capital murder (five years to ninety-nine years or life) but that Petitioner was pleading guilty to the lesser-included offense of murder with a punishment to be assessed at

no less than thirty-five years. *Id.* Petitioner also makes the following concessions in his plea agreement:

> 1. I have had my Constitutional and legal rights explained to me by my attorney, and have decided to waive my Constitutional right of trial by jury and enter this plea before the judge. I hereby request the consent and approval of the State's Attorney and of the Court to my waiver of trial by jury. I further represent to the Court as follows:
>
> 2. I am mentally competent now and was legally sane at the time that this offense was committed.
>
> 3. I have not been threatened, coerced or placed in fear by any person to induce me to enter my plea.
>
> 4. If I have a plea bargain agreement with the prosecutor, its terms are fully set forth in the attached document. I have received no promise from the prosecutor, my attorney or the Court which are not set forth in that document, and I realize that no one else would be empowered to make me any promises.
>
> 5. If I am pleading GUILTY, it is because I am guilty, and for no other reason. If my plea is one of NOLO CONTENDERE, it is because I have considered all aspects of my legal situation and discussed them with my attorney and have determined that the entry of such plea is in my own best interest.
>
> 6. If applicable, my attorney has explained to me the requirements and consequences of Chapter 62 of the Texas Code Of Criminal Procedure Sex Offender Registration Program.
>
> 7. I understand the Courts admonishments as contained in this waiver.
>
> 8. I am satisfied with the advice and representation of my attorney in this case.

*Id.* Petitioner's trial counsel signed the agreement after concluding that Petitioner had a rational and factual understanding of the pending charges against him and the rights he was waiving, and the trial court approved the agreement by stating Petitioner was mentally competent and his waivers were knowing, intelligent, and voluntary. *Id.*

5

In addition, Petitioner signed a "Waiver, Consent to Stipulation of Testimony and Stipulations" where Petitioner stated he knowingly and voluntarily agreed to waive his rights to confrontation and cross-examination of witnesses and admitted that the allegations contained in the indictments are true and correct. (ECF No. 15-17 at 1-4). Counsel for Petitioner again signed the waiver, stating that he discussed with Petitioner the rights he was waiving and indicating his belief that Petitioner "fully understands these rights and has intelligently and voluntarily waived these rights and entered into these agreements after due deliberation[.]" *Id.* The trial judge then gave his approval of the waiver, concluding:

> The Defendant having signed the Waiver, Consent to Stipulation of Testimony and Stipulations in open Court and under oath, the Court questioned both the Defendant and his Counsel and thereby became satisfied that the Defendant understands the rights which have been waived and therefore can be truly said to have voluntarily relinquished known rights. The Waiver, Consent to Stipulation of Testimony and Stipulations are approved and ORDERED filed in the papers of the cause.

*Id.*

Petitioner's signature on the guilty plea documents is *prima facie* proof of the validity of the pleas and is entitled to "great evidentiary weight." *Theriot v. Whitley*, 18 F.3d 311, 314 (5th Cir. 1994); *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (citing *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985)). Petitioner's formal declarations in open court also carry "a strong presumption of verity" and constitute a formidable barrier to any subsequent collateral attack. *United States v. Kayode*, 777 F.3d 719, 729 (5th Cir. 2014) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Because Petitioner has not provided any evidence or argument that would overcome these "strong presumptions of verity," this Court denies any allegation made by Petitioner concerning the validity of his guilty pleas. *Blackledge*, 431 U.S. at 74 (finding "[t]he subsequent presentation of conclusory allegations which are unsupported by specifics is subject to summary dismissal.").

Furthermore, by entering a knowing, intelligent, and voluntary guilty plea, a defendant waives all non-jurisdictional defects preceding the plea. *Tollett v. Henderson*, 411 U.S. 258, 265 (1973); *United States v. Scruggs*, 714 F.3d 258, 261-62 (5th Cir. 2013). This rule encompasses errors of constitutional dimension that do not affect the voluntariness of the plea—including claims of ineffective assistance of counsel—unless the alleged ineffectiveness relates to the voluntariness of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (waiving claims of ineffective assistance, except for claims related to voluntariness of plea).

Here, Petitioner argues that his plea-bargain counsel was ineffective because he did not investigate or present witness statements that he believes would have mitigated the charges against him or the punishment he ultimately received. But Petitioner fails to demonstrate how this alleged ineffectiveness relates in any way to the voluntariness of his guilty plea. Accordingly, Petitioner's claim is waived by his knowing, voluntarily, and intelligent guilty pleas. Moreover, Petitioner fails to demonstrate that the state court's rejection of his ineffective-assistance allegation during Petitioner's state habeas proceedings was either contrary to, or an unreasonable application of, the *Strickland v. Washington*[1] standard that governs claims of ineffective assistance. For these reasons, federal habeas relief is denied.

### IV. **Certificate of Appealability**

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims

---

[1] 466 U.S. 668 (1984).

debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El,* 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## V. Conclusion and Order

Petitioner has failed to establish that the state court's rejection of the aforementioned claim on the merits during his state habeas proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented during Petitioner's state trial and habeas corpus proceedings. Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Olice Edward Brown's § 2254 petition (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All other motions, if any, are **DENIED,** and this case is now **CLOSED**.

It is so **ORDERED.**

**SIGNED** this the 26th day of September, 2019.

XAVIER RODRIGUEZ
United States District Judge